UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00408-RJC-DCK

| | |
|---|---|
| D'VOREAUX CANN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **ORDER** |
| | ) |
| BANK OF AMERICA CORP., | ) |
| | ) |
|        Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2], and Plaintiff's Pro Se Request for the Court to Serve Summons [Doc. 4].

## I.   BACKGROUND

Pro Se Plaintiff D'Voreaux Cann ("Plaintiff"), a citizen of Washington State, filed this action on July 6, 2023, naming Bank of America Corporation as the sole Defendant. [Doc. 1]. Plaintiff alleges that Defendant is located in Charlotte, North Carolina. [Id. at 2]. Plaintiff asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Id. at 3]. Plaintiff claims that Defendant violated his rights in several ways under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., including the Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j [Id. at 8-14]. In short, Plaintiff alleges that he raised a billing question with Defendant; that is, he claimed that he did not owe certain debt and that "all past, present, and future billing statements received are billing errors under 12 CFR § 1026.13(a)." [Id. at 9]. Plaintiff alleges that he sent written notice to Defendant within 60 days "after receiving a billing statement on the account in question" and, on February 10, 2023, he sent an "affidavit of billing error notice." [Id.]. Plaintiff alleges

that Defendant's response to Plaintiff's notice, which culminated in Defendant closing Plaintiff's account without notice and while the billing dispute remained unresolved, violated the TILA, the FCBA, 15 U.S.C. § 44, and 12 CFR 1026.13. [Id. at 9-11]. Plaintiff seeks monetary, equitable, and injunctive relief. [Id. at 15].

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis. [Doc. 2]. Plaintiff's affidavit shows that he had an average monthly income of $208.00 for the past twelve months and that he expects to receive the same income next month. [Id. at 1-2]. Plaintiff reports having a total of $398.37 in his bank accounts and no other assets.[1] [Id. at 2-3]. Plaintiff reports that he has total monthly expenses of $214.00 from personal credit card payments. [Id. at 4-5]. Plaintiff reports that his 63-year-old father relies on him for support. [Id. at 3]. Plaintiff complains that he cannot afford the cost of these proceedings because he is unemployed and receiving family assistance for his credit card bills and with living expenses. [Id. at 5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint

---

[1] Plaintiff also reports having $398.37 in cash, but this appears to be duplicative of the combined amount he reports in his bank accounts. [See Doc. 2 at 2].

2

must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV.     DISCUSSION**

The FCBA, 15 U.S.C. § 1666, which is enforced by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and implemented through Regulation Z, 12 C.F.R. § 1026, "provides an avenue by which a debtor may challenge perceived billing errors on any credit card account statement and procedures that a creditor must follow in responding to properly raised billing errors." Esquibel v. Chase Manhattan Bank USA, N.A., 487 F.Supp.2d 818, 825 (S.D. Tex. 2007) (citing 15 U.S.C. § 1666). "To succeed on a claim under § 1666, plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666." White v. Chase Bank USA, N.C., No. 5:16-CV-00176-BR, 2017 WL 1131898, at *2 (E.D.N.C. Mar. 24, 2017) (quoting Cunningham v. Bank One, 487 F.Supp.2d 1189, 1191-92 (W.D. Wash. 2007) (citation omitted)). As to the timely notice of a billing error, § 1666(a) provides that if, within sixty days after having sent an obligor a statement of his or her account, the creditor receives a written notice from the obligor indicating her belief that the statement contains a billing error, the amount of the error, and the reason for believing there is an error, the creditor must make corrections in the account or investigate and explain why the account is correct prior to taking any action to collect the amount. Middleton v. Rogers Ltd., Inc., 804 F.Supp.2d 632, 637 (S.D. Ohio 2011) (citing 15 U.S.C. § 1666(a)). It, therefore, follows that a creditor's duties under § 1666 are triggered when a credit card holder

sends a creditor written notice "no later than 60 days after the creditor transmitted the first periodic statement that reflects the alleged billing error." 12 C.F.R. § 1026.13(b)(1).

Accepting Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff's Complaint is not clearly frivolous and survives the Court's initial review. The Court, therefore, will direct the Clerk to direct the U.S. Marshal to affect service for the Plaintiff.[2]

## V. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendant Bank of America Corporation survive initial review under 28 U.S.C. § 1915(e)(2) as they are not clearly frivolous.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint [Doc. 1] survives initial review under Section 1915(e)(2).
2. Plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.
3. Plaintiff's motion requesting assistance with service [Doc. 4] is **DENIED as moot**.
4. The Clerk of Court is instructed to direct the U.S. Marshal to effectuate service upon Defendant Bank of America Corporation using the Summons Plaintiff filed at Docket No. 1-2.

Signed: July 25, 2023

Robert J. Conrad, Jr.
United States District Judge

---

[2] The Court notes that Plaintiff filed a letter requesting the Court to serve summons on his behalf, which was docketed as a motion. [See Doc. 4]. The Court will deny Plaintiff's motion as moot because, given Plaintiff's indigent status, the Clerk is already obligated to assist in effectuating service on Plaintiff's behalf in any event. Plaintiff is cautioned against sending such letters to the Court in the future. Requests for relief must be in the form of a proper motion.