IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-408-RJC-DCK

| | |
|---|---|
| D'VOREAUX CANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| BANK OF AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action with the filing of a "Complaint For A Civil Case" (Document No. 1) ("Complaint") against Defendant Bank of America Corporation ("Defendant" or "Bank of America") on July 6, 2023. On September 20, 2023, "Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's Complaint" (Document No. 12) was filed. Plaintiff filed his "Amended Complaint #1" (Document No. 15) ("Amended Complaint") on October 20, 2023. In his Amended Complaint, Plaintiff asserts three claims against Defendant: (1) failure to "provide accurate and complete disclosures" in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (2) taking "adverse action against" Plaintiff by "without warning or prior notice" closing Plaintiff's account "while the account was still in dispute and the billing error was

unresolved" in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; and (3) failure to "provide a response to the contents of" Plaintiff's "billing error affidavit" in violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Document No. 15, pp. 7-10).

    In his Amended Complaint, Plaintiff alleges that he "has received statements of an attempt to collect an alleged debt from" Bank of America and that he "has been consistently paying the account since it was first opened." Id. at p. 3. Plaintiff's initial Complaint indicates that he "does not believe he owes such debt and that all past, present, and future billing statements received are billing errors under 12 CFR § 1026.13(a)." (Document No. 1, p. 9). Plaintiff's Amended Complaint removes this language. See (Document No. 15). Plaintiff contends that he "was not refusing to pay but requested full documentation of what the Defendant alleged he owed." Id. at p. 4. Bank of America's failure to provide him with "documentary evidence…is what caused him to believe there's a billing error at hand." Id. Plaintiff contends that he "sent written notice" to Bank of America "following the instructions outlined" in the relevant regulation. Id. Apparently, "Defendant did not provide a response point for point to the contents of [Plaintiff's] billing error affidavit," and "Defendant did not make the appropriate corrections to Plaintiff's credit account" or provide any "written explanation setting forth the reasons why the Defendant believed the billing error alleged by [] Plaintiff was incorrect." Id.

    Notably, Plaintiff's Amended Complaint does not attach the dispute letter that he references. Defendant attaches the letter to its motion to dismiss. See (Document No. 17-3). The letter includes Plaintiff's language from the Complaint that he "believe[s] that all past, present,

2

Case 3:23-cv-00408-RJC-DCK   Document 21   Filed 07/05/24   Page 2 of 7

and future billing statements received by Bank of America Corporation are billing errors under 12 CFR § 1026.13(a)." Id. at p. 7.[1]

"Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17) was filed November 3, 2023. "Plaintiff's Response To Defendants' Motion To Dismiss And Incorporated Memorandum" (Document No. 18) was filed November 16, 2023. "Defendant Bank Of America, N.A.'s Reply In Support Of Its Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 19) was filed November 21, 2023.

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

---

[1] The undersigned will consider this letter because the dispute letter is certainly "integral to and explicitly relied on in the complaint." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal quotations and citations omitted). Normally "extrinsic evidence should not be considered at the 12(b)(6) stage," but here, it is evident that the dispute letter lies at the heart of Plaintiff's case, as it provides his alleged "notice" to Bank of America of a billing error. Id. Plaintiff does "not challenge its authenticity." Id.

3

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant's primary argument for dismissal of this case is that "Plaintiff's '[d]ispute [l]etter' [f]ails to [s]et [f]orth [a]ny [c]ognizable [b]illing [e]rror and [t]herefore [d]id [n]ot [t]rigger [Defendant's] [i]nvestigative [d]uties under" the Fair Credit Billing Act." (Document No. 17-1, p. 6). Respectfully, the undersigned agrees for the reasons explained below. Plaintiff does not provide much in the way of substantive argument against dismissal, relying solely upon his conclusory "belie[f] that he did satisfy the requirements of TILA (Truth in Lending Act) and FCBA for his notice." (Document No. 18, p. 4).

Pursuant to the Fair Credit Billing Act, "an orderly procedure [is prescribed by statute] for identifying and resolving disputes between a cardholder and a card issuer as to the amount due at

4

Case 3:23-cv-00408-RJC-DCK    Document 21    Filed 07/05/24    Page 4 of 7

any given time." Gray v. Am. Express Co., 743 F.2d 10, 13 (D.C. Cir. 1984) (citing 15 U.S.C. §§ 1666(a), (b)). Importantly, the Fair Credit Billing Act is part of the Truth in Lending Act. See Am. Express Co. v. Koerner, 452 U.S. 233, 234 (1981). "In order for these procedures to be triggered, however, the consumer must provide the requisite written notice of a billing error." Burnstein v. Saks Fifth Ave. & Co., 208 F. Supp. 2d 765, 772 (E.D. Mich. 2002). 15 U.S.C. § 1666(a) "provides the procedural framework governing correction of billing errors on consumer credit statements," and it imposes a requirement on the obligor (here, Plaintiff) to provide "[w]ritten notice" to the creditor (here, Defendant) of an alleged billing error. There are various steps that an obligor must follow in the provision of this written notice: (1) the written notice must "set[] forth or otherwise enable[] the creditor to identify the name and account number (if any) of the obligor;" (2) the written notice must "indicate[] the obligor's belief that the statement contains a billing error and the amount of such billing error;" and (3) the written notice must "set[] forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error." 15 U.S.C. § 1666(a)(1)-(3).

"Billing error" is specifically defined in the Fair Credit Billing Act, and it can "consist[] of any of the following" specifically enumerated scenarios: "(1) [a] reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement;" "(2) [a] reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof;" "(3) [a] reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction;" "(4) [t]he creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor;" "(5) [a] computation error or similar error of an

5

accounting nature of the creditor on a statement;" "(6) [f]ailure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor…;" and "(7) [a]ny other error described in regulations of the Bureau." 15 U.S.C. § 1666(b)(1)-(7).

Here, Plaintiff does not allege any billing error of the type enumerated above. As Defendant argues, "[i]nstead, Plaintiff makes the blanket statement that the entirety of ALL of his statements are billing errors, even statements that he has not yet received." (Document No. 17-1, p. 9). "Claiming that an 'entire account balance is in dispute without pointing out a specific…error does not provide the requisite notice of a billing error required by the statute.'" Johnson v. Capital One, 2023 WL 5984281, at *3 (E.D. Va. Sept. 14, 2023) (citing Daniel v. Chase Bank USA, N.A., 650 F. Supp. 2d 1275, 1284 (N.D. Ga. 2009)). In the Johnson case, the plaintiff there made similar allegations as Plaintiff did here in his dispute letter, claiming that "all past, present, and future billing statements…are billing errors." 2023 WL 5984281, at *3 (internal quotations omitted); see (Document No. 17-3, p. 7). Thus, given the inadequate notice of a billing error, Plaintiff's claims must fail under the Fair Credit Billing Act because Defendant's obligations were never triggered under 15 U.S.C. § 1666(a). See Johnson, 2023 WL 5984281, at *3; Burnstein, 208 F. Supp. 2d at 772. The undersigned respectfully recommends that Plaintiff's Amended Complaint be dismissed.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Bank Of America, N.A.'s Motion To Dismiss Plaintiff's First Amended Complaint" (Document No. 17) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: July 3, 2024

David C. Keesler
United States Magistrate Judge